[No. 23278. Department Two. December 17, 1931.]

BLUMAUER-FRANK DRUG COMPANY, *Respondent,* v.
ALIHAN KARGIN *et al., Appellants.*[1]

*John J. Sullivan* and *Michael F. Ward,* for appellants.

*Newman H. Clark,* for respondent.

TOLMAN, C. J.—This is an action in replevin wherein the plaintiff seeks the recovery of certain specified personal property alleged to be of the value of $2,005.

The complaint alleges the delivery of the property to the defendants under a conditional sale contract, the default of the defendants in their payments, and an election to repossess the property. The proper affidavit and bond were filed, the writ issued and the sheriff seized the property. No re-delivery bond was given, and in due time the sheriff delivered the property to the plaintiff.

The defendants answered, admitting that the plaintiff had sold and delivered the property to them, and denied all other allegations of the complaint. They also cross-complained for damages alleged to have been sustained by reason of the suing out of the writ of replevin and the seizure of the property thereunder.

[1]Reported in 5 P. (2d) 1004.

The case came on for trial before the court, sitting without a jury. The defendants asked leave to dismiss their cross-complaint and to amend their answer by inserting an allegation to the effect that, at all times mentioned in the complaint, they were the owners of, and entitled to the possession of, the property; all of which was granted. The plaintiff then asked for a voluntary nonsuit without prejudice. This was tentatively denied upon the theory that, by the trial amendment, the defendants had set up a counterclaim to the specific property involved. The plaintiff thereupon offered all of its evidence and rested; whereupon the following occurred:

"MR. WARD: The defendants now move the court to dismiss the plaintiff's action, on the ground and for the reason that this is an action in replevin, instituted by the plaintiff to replevin goods, wares and merchandise in the hands of the defendants. I ask the court to dismiss the case, except on the question of any damages that the defendants may have sustained by reason of the unlawful replevin of the goods. . . . MR. CLARK: If they are moving for a dismissal, we have already moved for a dismissal, and we join in this motion. THE COURT: The motion will be granted then. MR. WARD: I am asking for the return of the goods or the value thereof; that is what we are entitled to under the evidence. We ask for a dismissal on the merits. THE COURT: He joined in your motion on the merits, and the motion will be granted. There is nothing before the court. MR. WARD: Naturally that would carry an order directing the return of the goods or the value thereof. MR. CLARK: Oh, no. THE COURT: That is something else. MR. WARD: I was ready to make proof on the value. MR. CLARK: Counsel moved for a dismissal, and we joined with him, and he said nothing about the value of the goods, and he is asking for no affirmative relief in his prayer, and has not in his prayer asked for the return of the goods. There is nothing before the court, even in the amended condition of his answer, asking for any return of the goods

in any way. He never put it in his pleadings and it is not there now. MR. WARD: I will ask leave to withdraw the motion for dismissal and introduce evidence on the value of the goods. MR. CLARK: We object to that, on the ground the motion has been granted, and he did not ask for the return of the goods in his·pleadings. THE COURT: I think you should make up your pleadings before you come into court. I will deny the motion to reopen.''

A judgment followed dismissing the action without costs to the defendants; from which judgment the defendants have appealed.

Except for the manifest injustice which would follow, it would be rather hard to treat seriously such a play at cross-purposes, exhibiting a ''comedy of errors'' seldom seen in the serious affairs of life.

We have quoted the record quite fully, from which it overwhelmingly appears that contending counsel, instead of joining in a motion to bring about an agreed result, were each endeavoring to obtain an entirely opposite result. Manifestly, the attorney for the appellants conceived the idea that the plaintiff (respondent) had failed in its proof, and for that reason felt that the defendants (appellants) were entitled to a dismissal of the cause with an order for the return of the property (*retorno habendo*), which always follows when the plaintiff fails in such an action; thus placing the parties in *status quo*; while, upon the other hand, the plaintiff's (respondent's) attorney, knowing that his client had possession of the property, sought a dismissal without prejudice, so that the defendants (appellants), if they cared to go further, would be relegated to a suit on the replevin bond; in which suit, his client, as defendant, could present its title or claim of title as a defense. These positions are ''as opposite as the poles.'' Clearly, under these conditions, the case should have been tried out on the merits.

The attorney who made the motion to dismiss erred in not incorporating therein a request for *retorno habendo*. His opponent erred in joining in the motion when he wanted an entirely opposite result. The trial judge, seeing, as he must have seen at that time, that the attorneys were at cross-purposes, erred in denying the motion to re-open the case and in not proceeding to try out the issues on the merits.

The judgment is reversed, with directions to re-try the case on the merits.

MILLARD, HOLCOMB, MAIN, and BEALS, JJ., concur.